PALMER, APPELLANT, *v.* PALMER, APPELLEE.

(No. 68—Decided September 29, 1982.)

*Messrs. Logothetis & Pence* and *Mr. Douglas E. Wade,* for appellant Margaret Eileen Palmer.

*Messrs. Young & Hubbell* and *Mr. Warren C. Young,* for appellee Paul L. Palmer.

HENDRICKSON, P.J. Appellant and appellee were married November 2, 1973. At that time, the appellant was the owner of a mobile home which had been her residence prior to the marriage and the appellee was the owner of a house which he had acquired by purchase in 1954.

The appellant quit her job, sold her mobile home and moved into the appellee's residence where she performed household duties for the appellee and his seventeen year old son.

The appellee was laid off from his place of employment in May 1975, and again employed in April 1976. In the meantime, the appellant obtained full-time employment in 1975 and continued to work throughout the remainder of the marriage.

During the marriage, the funds of the parties were found by the trial court to have been commingled and a number of improvements and repairs were made on the appellee's home, including a new roof in 1973, a new fireplace, insulation and storm doors in 1974, a new furnace in 1977, new carpeting in 1979, and a new water heater and a new oil tank in 1980.

The trial court, after determining that the residence of the parties was not a marital asset, but was instead the separate property of the appellee, refused to recognize the claim of the appellant for a share of the increase in value of the residence which occurred during the existence of the marriage. Evidence was introduced to establish the value of the residence as of the date of the marriage and to establish the value of the residence at the time of the separation. Evidence was also introduced to establish that at the time of the marriage, the outstanding mortgage on the residence was in the sum of $9,732; that the balance was reduced to $3,176 during the course of the marriage; that a portion of the mortgage reduction was from funds obtained by the appellee in the form of the repayment of a $10,000 loan which was made to his elder son prior to the marriage. However, the total debts of the parties at the time of the separation were in the amount of $13,895, but the parties, according to the agreed statement of facts, spent a total of $2,782 on the residence during the marriage for repairs and improvements in addition to the cost of the fireplace. The trial court, in denying the claim of the appellant to a share of the appreciation in the value of the appellee's residence, affirmed the report of the referee who found that:

"P[laintiff] is not entitled to any paper appreciation of the real estate because this is not a marital asset. P[laintiff] had no interest in the home, it being purchased by D[efendant] in 1954. In addition the money spent went mostly for repairs to basic items of the property. Even though P[laintiff] testified she help[ed] redecorate the house such is done in the ordinary course of living & over 8 years is not out of the ordinary. Furthermore, D[efendant] is paying the debts & received $10,000 from son on the loan made prior to the marriage. Even though P[laintiff] worked during much of the marriage and she comingled [*sic*] funds with D[efendant]'s she also received the full benefit of living in the house."

Appellant, for her assignment of error, asks whether the trial court erred as a matter of law by refusing to treat the appreciation in value of the marital residence as marital property. She raises two issues under this assignment of error, the latter of which is simply a rearrangement of the words contained in her assignment of error. She contends that it was an abuse of discretion for the referee to refuse to consider the arguments in her behalf that she is entitled to a share of the appreciation in value of the residence. Furthermore, she contends that the trial court erred as a matter of law by refusing to treat the appreciation in value of the residence as marital property.

A record was not available and, pursuant to App. R. 9(D), an agreed statement of facts was submitted in lieu thereof. The agreed statement states that during the conference which was held in an attempt to settle the case, the referee "stated that he never treats and would not in this case treat the appreciation in the value of the marital residence as marital property." However, subsequent to the filing of the agreed statement of facts, the attorney for the appellee filed a motion, or request to correct the record, for the reason that through inadvertence he agreed to a statement which "did not totally and accurately reflect the initial

proceedings in the trial court." As a result of the filing of this motion, there is a question as to whether the referee indicated prior to the hearing that he would not consider the increase in value of the residence as a marital asset. The appellee contends, however, that there is no hard and fast rule governing the division of the appreciation in value of nonmarital assets. He contends that this is borne out by the fact that evidence was submitted as to the value of the residence at the time of the marriage and at the time of the separation.

We conclude that since the referee had before him evidence of the amount of increase in value of the residence during the marriage and evidence that the money spent on the residence was in small amounts over a period of several years, in the form of repairs and minor improvements, it was reasonable for the referee to conclude that a substantial portion of the increase in value was a paper increase resulting from inflation. Also, the receipt by the appellee of the repayment of the $10,000 loan from his elder son, a part of which was used for the purpose of reducing the balance due on the mortgage on the residence, provided a basis for the referee to conclude that no part of the gain should be considered as a marital asset. Thus, we find no abuse of discretion on the part of the referee as we find no unreasonable, arbitrary or unconscionable decision on his part. See *Bond* v. *Bond* (Sept. 16, 1981), Butler App. No. 79-11-0106, unreported.

There was, of course, no question as to whether the residence was a marital asset. R.C. 3103.04 provides in pertinent part:

"Neither husband nor wife has any interest in the property of the other, except as mentioned in section 3103.03 of the Revised Code, the right to dower, and the right to remain in the mansion house after the death of either. * * *"

Thus, the trial court properly concluded that the residence was not a marital asset, but was instead the separate property of the husband. In fact, the appellant does not question this. The appellant contends the error is in not awarding to the appellant a share of the increase during the marriage in the value of the residence. Neither party has cited any Ohio case that has previously considered the issue. The appellant contends that as a result of the treatment of marriage as a partnership, the appreciation should be divided. See *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474].

Certainly, there are circumstances under which we could conceive that the appreciation should be divided. Thus, we cannot sanction the hard and fast rule which denies division of appreciation of nonmarital assets in all instances. However, in the absence of any known authority, we turn to that which has been written on the subject and we are much impressed with the "Principles and Guidelines for the Division of Property in Actions for Divorce in Ohio." These principles and guidelines were prepared for and adopted by the Domestic Relations Division of the Court of Common Pleas of Cuyahoga County and are published in 54 Ohio Bar No. 11, at pages 491 to 524. These guidelines provide in Part One, I F, as follows:

"An increase in the value of nonmarital property is not marital property.

"If the right to hold separate property is to be meaningful, it necessarily must include the right to an increase in value. By the same token, a decrease in the value of separate property may not be reimbursed from marital property.

"1. An increase due to inflation or to a change in market value or as a result of conditions outside the control of the parties is not marital property.

"2. An addition or improvement made by the expenditure of marital funds or as a result of work furnished by either or both parties during the marriage is marital property — its value being in the ratio of the value added and the value of

the property immediately before the addition or improvement was made. (Again, the 'source of funds' rule applies.) * * *"

Based on the findings of the trial court in the case *sub judice,* most of the increase in value was due to inflation and was merely a paper appreciation of value. The trial court, in determining that the appellant should not share in the appreciation in value, also took into consideration the repayment by the elder son of the appellee of the ten thousand dollar ($10,000) loan. Thus, although the trial court did not take into consideration the guidelines from Cuyahoga County, we find the decision of the trial court compatible with those guidelines. As a result, we find no error on the part of the trial court in refusing to treat the appreciation in value of the marital residence as marital property. The appellant's assignment of error is overruled.

*Judgment affirmed.*

KOEHLER, J., concurs.

JONES, J., not participating.