OPINION
Defendant-appellant, Richard G. Bentley ("appellant"), appeals from the final judgment of the Portage County Court of Common Pleas, Domestic Relations Division, in which the trial court awarded plaintiff-appellee, Lynn F. Willard ("Willard"), spousal support and determined a portion of the interest in the couple's residence was marital property.
Appellant and Willard married on October 3, 1981. No children were born as issue of the marriage. The couple lived in the residence from appellant's former marriage. Appellant was to divide the proceeds of its sale with his former wife. Instead, three years after his marriage to Willard, appellant decided to pay his first wife her portion of the equity or twenty-six thousand dollars ($26,000). Appellant used eleven thousand dollars ($11,000) of his own separate funds. Appellant took out a bank loan for fifteen thousand six hundred dollars ($15,600) for the balance. Willard's parents later assumed the loan. Appellant and Willard repaid her parents approximately five thousand dollars ($5,000) before her father forgave the remainder of the debt.
Appellant retired shortly before the couple's marriage, but he provided the primary support for the couple. Willard obtained her master's degree during the marriage but, although some attempts were made, she did not find employment in her chosen field of teaching during the marriage.
Willard filed for divorce on October 18, 1999. After a short trial, the lower court granted the divorce. The trial court awarded Willard spousal support for a term of three years. The trial court found the marital residence had a value of fifty-two thousand dollars ($52,000) at the time of their marriage and had increased in value to ninety-eight thousand two hundred dollars ($98,200). The trial court found that thirty-seven thousand dollars ($37,000) of the value was appellant's separate property. The balance was to be divided equally between the parties.
In his first assignment of error, appellant contends the trial court erred by failing to award him the appreciation on his separate property in the marital residence. Appellant argues only five thousand dollars of marital funds were used to pay for his first wife's interest in the property. Appellant maintains that only that amount and the increase in appreciation for the five thousand dollars constituted the marital portion of the residence's value.
Separate property includes any interest in real property acquired by one spouse prior to the date of the marriage. R.C. 3105.171(A)(6)(a)(ii). Any passive appreciation on that property remains separate property. R.C. 3105.171(A)(6)(a)(iii). Passive income is defined as income acquired from other than as a result of the labor, monetary, or in-kind contribution of either spouse. R.C. 3105.171(A)(4). The increase caused by labor, money, or in-kind contribution of either spouse to separate property's value becomes marital property. Middendorf v. Middendorf
(1998), 82 Ohio St.3d 397. However, appreciation, based solely upon the increase in the fair market value of separate property based upon its location, or inflation, remains separate property. Munroe v. Munroe
(1997), 119 Ohio App.3d 530. Routine maintenance or the payment of current expenses associated with home ownership does not support a finding that the increase in value is marital property. Nine v. Nine
(Mar. 1, 1995), Summit App. No. 16625, unreported, 1995 Ohio App. LEXIS 822. See, also, Palmer v. Palmer (1982), 7 Ohio App.3d 346.
On appeal, Willard argues she did not testify or agree that appellant used his separate funds to pay his first wife. At the hearing, Willard testified the money came from "somewhere." However, the trial court's finding that appellant used his separate funds to pay the down payment is supported by the record. Appellant testified the eleven thousand dollars came from life insurance policies he cashed in to pay part of the debt to his first wife. In any event, Willard has not appealed from the trial court's judgment. She cannot dispute the trial court's determination that the down payment and twenty-six thousand dollars in equity were appellant's separate property on appeal.
There is no evidence in the record that either party contributed to the increase in the value of the property. The appraisal of the home shows the furnace was approximately fourteen years old and the roof was re-shingled about seven years earlier. The appraiser noted the carpeting was older, the interior needed painting, the kitchen was dated, some of the hardwood floors could be refinished, the exterior walls had peeling paint, the front stoop needed to be replaced, and the skylights in the family room leaked. There was no testimony the couple engaged in any major repairs or renovation of the property. The appraisal supports the finding that the property only was adequately maintained. When the appreciation of separate property is passive in nature, the appreciation remains separate property. See Priester v. Priester (Nov. 17, 2000), Lake App. No. 99-L-103, unreported, 2000 Ohio App. LEXIS 5359. Therefore, the trial court abused its discretion by not determining the amount of appreciation on appellant's separate property.
However, the amount of the loan forgiven by Willard's parents was a gift to both appellant and Willard. The full amount of the fifteen thousand dollar ($15,000) loan, including the over ten thousand dollars ($10,000) the parties did not repay, was used to pay appellant's first wife's equity in the property. The entire amount became marital property. Appellant's first assignment of error is well-taken. The case is remanded for the trial court to determine the amount of passive appreciation attributed to appellant's separate property in the marital residence.
In his second assignment of error, appellant asserts the trial court erred in awarding spousal support to Willard. Appellant argues, in the alternative, that the trial court erred by not ordering that Willard's spousal support would terminate upon her attainment of employment.
Appellant apparently is arguing that spousal support should be awarded on the basis of need and for a specific period. The trial court ordered appellant to pay Willard spousal support in the amount of three hundred dollars ($300) for a period of thirty-six (36) months or until she remarried or died. The trial court noted the nineteen-year length of the marriage, the education of the parties, and Willard's need for support until she could enter the workforce.
A spouse's need for support is no longer based upon necessity. A trial court may, in its discretion, award spousal support when it is appropriate and reasonable. Call v. Call (Apr. 21, 2000), Portage App. No. 99-P-0004, unreported, 2000 Ohio App. LEXIS 1771. Appellant provided the primary support during the marriage while Willard had occasional, part-time employment. Although Willard obtained her master's degree in sociology during the marriage, she had not obtained employment in that area at the time of trial. Willard testified she would need two to five years before she would be employed as a teacher on a full-time basis. Based upon the evidence adduced at trial, the lower court did not abuse its discretion by awarding Willard spousal support for thirty-six (36) months.
Appellant also argues the trial court should have provided for the termination of spousal support when Willard became employed. However, spousal support is allowable even if the payee spouse is employed on a full-time basis. This is especially true, as here, when there is a gap in income levels. See Johnson v. Johnson (Sept. 30, 1997), Lake App. No. 96-L-171, unreported, 1997 Ohio App. LEXIS 4416. The trial court did not abuse its discretion by failing to provide that Willard's spousal support would terminate if she found employment. Appellant's second assignment of error is
overruled. The judgment of the trial court is affirmed in part, reversed in part and remanded.
 ________________________________________ JUDGE DIANE V. GRENDELL
O'NEILL, P.J., NADER, J., concur.